UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| SAMUEL A. DAVIS,<br>Plaintiff,<br>v.<br>MONICA RINALDI, *ET AL.*,<br>Defendants. | CIVIL ACTION NO.<br>3:19 - CV - 504 (CSH)<br><br>DECEMBER 28, 2020 |

**OMNIBUS RULING ON PLAINTIFF'S PENDING MOTIONS**
**[Doc. 41, 42, 43, 45, & 52]**

**HAIGHT, Senior District Judge:**

Plaintiff Samuel A. Davis, a prisoner currently incarcerated at Cheshire Correctional Institution ("Cheshire C.I."), brings this civil rights action pursuant to 42 U.S.C. § 1983, alleging that he has been subjected to cruel and unusual punishment in violation of the Eighth Amendment when three correctional officers assaulted him and placed him in "in-cell restraints." He also asserts that he was not afforded due process under the Fourteenth Amendment when he was wrongfully transferred to Northern Correctional Institution, a level 5 maximum security prison. Pending before the Court are Plaintiff's motions to compel, for an order, and to appoint counsel. The Court resolves the motions herein.

## I. DISCUSSION

### A. Motion to Compel [Doc. 43]

Plaintiff moves to compel Defendants to respond to a request for production of documents

dated January 17, 2020. *See* Doc. 43 (Motion to Compel, Ex. B), at 14-17. There is, however, no indication that Plaintiff served the Defendants with this production request until July 12, 2020. Therefore, when Plaintiff filed his motion to compel on July 30, 2020, the motion was premature in that it was filed less than thirty (30) days after Defendants' counsel received the production request. *See* Fed. R. Civ. P. 34(b)(2)(A).

To support his motion to compel, Plaintiff asserts that he filed his request for production with the Court electronically and via the United States Postal Service. However, the request was never entered on the docket; and Local Rule of Civil Procedure 5(f) provides that discovery requests "shall not be filed with the Clerk's Office except by order of the Court," D. Conn. L. Civ. R. 5(f)1. Rather, discovery requests must be served on counsel representing the opposing party by regular mail. Plaintiff does not indicate that he served the January 17, 2020, request for production of documents by mailing it to Defendants' counsel until July 12, 2020, when Plaintiff sent said counsel a letter that included the request. *See* Doc. 43 (Motion to Compel, Ex. A), at 10-13.

Under Federal Rule of Civil Procedure 34, "[t]he party to whom the request is directed" is permitted "thirty days after [the request is] served" to respond to the request in writing. Fed. R. Civ. P. 34(b)(2)(A). Given that Plaintiff did not serve the January 17, 2020, request for production on Defendants' counsel until July 12, 2020, the motion to compel [Doc. 43], e-filed with the Court on July 30, 2020, was premature. Accordingly, the motion will be denied.

Moreover, at this time, approximately three months have elapsed since August 11, 2020, the date by which Defendants were required to answer or object to Plaintiff's production request at issue. The parties have not apprised the Court as to whether they have negotiated a resolution of this dispute or whether Defendants have in fact responded. Despite the premature nature of the motion

at the time it was filed, in light of the passage of time, the Court will deny the motion to compel *without prejudice*. Plaintiff may renew the motion if the parties conferred since August 2020 but Defendants have not yet responded to the production request.

**B. Motion for an Order Compelling [Doc. 45]**

Plaintiff has filed a second motion designated as a "Motion for an Order Compelling" [Doc. 45]. The Clerk docketed this pleading as a motion for a hearing regarding the motion to compel [Doc. 43], which has been addressed by the Court above.

In this "Motion for An Order Compelling," Plaintiff states that he "would like to argue why [he] need[s] discovery that [he] ask[s] to see." Doc. 45, at 1. The discovery items to which he refers are the documents described in his January 17, 2020, production request. He also mentions and attaches a letter dated July 21, 2020, which Defendants' counsel, Assistant Attorney General Terrence O'Neill, sent to him. In the letter, O'Neill states that he has "worked with the facility [in which Plaintiff is incarcerated] to coordinate a time for [Plaintiff] to view the videos" which pertain to his case. *Id.* at 2. O'Neill further states that he has "attached an acknowledgment page" which Plaintiff "must sign once the videos are viewed." *Id.* Plaintiff states that he "still [has] not seen the videos." *Id.* at 1.

Plaintiff's motion is procedurally deficient in that he failed to sign that pleading. Under Rule 11(a), Fed. R. Civ. P., "[e]very pleading . . . must be signed . . . by a party personally if the party is unrepresented."[1] However, even if the Court grants Plaintiff procedural leniency as a *pro se* litigant,

[1] In addition to the lack of a signature, Plaintiff's motion is substantively deficient. He has failed to explain the reasons he needs copies of the documents identified in his January 17, 2020, production request. Local Rule 37(b)1 requires a party filing a motion to compel to submit a memorandum that includes "a concise statement of the nature of the case and a specific verbatim listing of each of the items of discovery sought or opposed, and immediately following each

the motion will be denied because it requests argument on his premature "Motion to Compel" [Doc. 43], which the Court denies. *See* Part I.A. and n.1, *supra*. If Plaintiff finds it necessary to file a second "Motion to Compel" to gain access to the documents he has requested, he must file the requisite supporting memorandum of law, sign his pleading, and place his request for oral argument, if any, on the motion itself, rather than making a separate motion. *See* D. Conn. L. Civ. R. 37(b)1. (mandating filing of accompanying memorandum with a "concise statement of the nature of the case and a specific verbatim listing of each of the items of discovery sought or opposed"); *id.* 7 (a)1. ("Any motion involving disputed issues of law shall be accompanied by a memorandum of law, and shall indicate in the lower margin of the motion whether oral argument is requested.").

Furthermore, to the extent that Plaintiff continues to seek to view the videos described in the July 21, 2020, letter from Attorney O'Neill, it appears that O'Neill had at one point attempted to coordinate a time for Plaintiff to view them. The parties are thus directed to re-coordinate such a viewing if that event has not yet occurred.

**C. Motion for Appointment of Counsel [Doc. 41]**

Plaintiff seeks the appointment of *pro bono* counsel to represent him in this action. In support of his request, he has filed a memorandum and a declaration with attached exhibits. As a preliminary matter, Plaintiff has not signed the memorandum or the declaration. Accordingly, these

---

specification . . . set forth the reason why the item should be allowed or disallowed." D. Conn. L. Civ. R. 37(b)1. Plaintiff has filed no memorandum in support of either his motion to compel or his motion compelling order so he has failed to demonstrate why he requires copies of the documents sought in his January 17, 2020, production request. Nor does Plaintiff assert that he has made an attempt to contact Defendants' counsel regarding his alleged lack of access to videos mentioned in counsel's July 21, 2020, letter. Federal Rule of Civil Procedure 37(a) requires that a motion to compel "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."

documents fail to comply with Rule 11(a), Fed. R. Civ. P.

However, even if the memorandum and the declaration were signed (or the Court were to waive the signature requirement due to his *pro se* status), for the reasons set forth below, Plaintiff's motion for appointment of counsel is denied at this time.

**1. Standard for Appointment of *Pro Bono* Counsel**

Pursuant to 28 U.S.C. §1915(e), "[t]he court *may* request an attorney to represent any person unable to afford counsel." *See* 28 U.S.C. §1915(e)(1) (emphasis added). *See also Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Civil litigants have no constitutional right to the appointment of counsel. *See, e.g., Leftridge v. Connecticut State Trooper Officer No. 1283*, 640 F.3d 62, 68-69 (2d Cir. 2011) ("A party has no constitutionally guaranteed right to the assistance of counsel in a civil case.") (citation omitted). Thus, the decision to appoint *pro bono* counsel in a civil case is discretionary. *Hodge*, 802 F.2d at 60 (noting district judges are afforded "broad discretion" in determining whether to appoint *pro bono* counsel for an indigent litigant in a civil case) (citation omitted). In particular, appointment is left to the sound discretion of the district judge, considering such factors as "the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, his efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989). The decision as to whether to appoint counsel for a *pro se* party should not be a "routine appointment." 877 F.2d at 174.

Under this District's Local Civil Rules, the plaintiff must demonstrate to the presiding judge that: (a) he is unable to afford legal counsel, (b) it is unlikely that counsel may be secured under alternative fee arrangements, and (c) his claims have "apparent merit." D. Conn. L. Civ. R.

83.10(c)1.

In addition, under Second Circuit precedent, once the indigent litigant makes a "threshold" demonstration that his "position seems likely to be of substance," the Court "should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination." *Hodge*, 802 F.2d at 61-62. Thereafter, in *Hendricks v. Coughlin*, 114 F3d 390, 392 (2d Cir. 1997), the Court of Appeals drew upon both *Hodge* and *Cooper* to observe that "in some situations a *pro se* litigant may face substantial problems in the very development of a factual record that is needed for resolution of a case that poses complex issues." 114 F.3d at 393.

**2. Plaintiff's Request for Appointment of Counsel [Doc. 41]**

Plaintiff has been granted *in forma pauperis* ("IFP") status due to his state of indigence [Doc. 6, 7]; and the Court possesses no information or reason to believe that his financial prospects have improved during his continuing incarceration. Based on the factual record of the case, the Court is satisfied that Plaintiff has met his burden with respect to showing he is financially unable to hire his own counsel.

With respect to attempts to obtain his own counsel, Plaintiff states that he "has written to several Attorney's [sic], and legal organizations to attempt to find counsel on his own," but "due mostly in part to Covid-19 the only responses he received" were negative. Doc. 41, at 4. As proof of his attempts, he appended a list of attorneys he "wrote to, and they never responded." *Id.* at 13. He also attached one letter in which an attorney declined to represent him because his caseload was

"too heavy to take on any additional cases." *Id.* at 16 (letter from Attorney Jon L. Schoenhorn, dated 6/24/2020).

In merely appending a list of law firms to his motion, Plaintiff has provided no proof of contact with them – no contemporaneous, dated notes, no copies of letters sent, no emails, etc. He has provided no history of when he contacted the attorneys on the list. He also has offered no sworn testimony or affidavit to support his statements. He merely states that he wrote to them but they never responded. Absent sufficient proof that he made such contact (sent letters to each attorney), the Court finds that this list fails to demonstrate sufficient efforts to secure legal assistance or representation on his own.

Furthermore, as to the sole letter of refusal by an attorney, this District requires that Plaintiff contact at least three attorneys. Therefore, Plaintiff's proof of efforts to contact one attorney still fails to meet the requisite minimum.[2]

In addition, as an incarcerated prisoner, to obtain *pro bono* representation, Plaintiff must also indicate whether he has sought assistance from the "Inmates' Legal Aid Program" ("ILAP"), which provides legal assistance to inmates pursuant to a contract with the Connecticut Department of Correction ("DOC").[3] Courts in this District have repeatedly required that inmates seek the

---

[2] In conjunction with his current motion to appoint counsel, Plaintiff has also failed to fill out the District's "Motion to Appoint Counsel" form, which appears on the Court's website as a recommended format for *pro se* litigants to request counsel.

[3] The State of Connecticut Department of Correction Administrative Directive 10.3 provides that the Department of Correction "shall contract with a law firm/agency to provide legal assistance to inmates and inmate access to the civil judicial system." DOC Admin. Directive ¶ 10.3(3). The scope of the services provided by the law firm or agency includes rendering assistance "through advice, counsel and physical preparation of meaningful legal papers such as writs, complaints, motions and memorandum of law for claims having legal merit." *Id.* at 10.3(4).

assistance of ILAP before seeking appointment of *pro bono* counsel.[4] *See*, e.g., *Quigley v. Rivera*, No. 3:19CV482 (AVC), 2020 WL 5820565, at *2 (D. Conn. Sept. 30, 2020) ("Quigley attaches no copies of letters that he may have sent to ILAP seeking assistance with discovery in this action or responses from attorneys at ILAP indicating why they cannot assist him . . . . Thus, Quigley has not demonstrated that he requires the appointment of *pro bono* counsel or that legal assistance is unavailable."); *Brown v. Dep't of Correction*, No. 3:16CV376 (MPS), 2017 WL 4679232, at *2–3 (D. Conn. Oct. 18, 2017) (advising plaintiff to contact the "Inmate Legal Aid Program" and denying his motion to appoint counsel without prejudice); *Swinton v. Wright*, No. 3:16-cv-659 (SRU), 2016 WL 3579075, at *2 (D. Conn. June 28, 2016) ("Absent a denial of assistance by [ILAP] or a showing that the assistance available is insufficient at this stage of litigation, the plaintiff cannot demonstrate that he is unable to obtain legal assistance on his own."); *Card v. Coleman*, No. 3:14CV830 (SRU) (WIG), 2014 WL 6884041, at *1 (D. Conn. Dec. 4, 2014) ("In the amended motions for appointment of counsel, the plaintiff fails to indicate whether he has contacted attorneys at the Inmates' Legal Assistance Program since the date the Court denied his prior motion for appointment of counsel. . . . The Court concludes that the plaintiff has not made sufficient efforts to secure legal assistance or representation on his own."). As Judge Underhill declared in *Card*, "[t]he possibility that the plaintiff may be able to secure legal assistance independently precludes appointment of counsel by the Court at this time." 2014 WL 6884041, at *1. Put simply, if the ILAP continues to operate,

[4] The Court notes that Plaintiff included in his list of attorneys allegedly contacted: Prison Legal Assistance, located at 10 Grand St., Hartford, CT 06106. If this was an attempt to contact attorneys who may hold the current ILAP contract, Plaintiff must clarify that fact and offer proof he attempted contact. Also, Plaintiff is advised to consult with a prison official, such as a DOC counselor, to obtain contact information for attorneys who are presently participating in the ILAP. Plaintiff may also wish to contact other *pro bono* legal services for prisoners, such as the clinic at Yale Law School.

Plaintiff must prove he has contacted that program and failed to receive assistance in order to show that he has been unable to secure representation or assistance independently.

Finally, as a prerequisite to obtaining counsel, Plaintiff is reminded that he must make a threshold showing that his claims have merit; and he has failed to do so. In his motion, Plaintiff simply argues that he needs counsel because his claims are factually complex, he needs assistance of counsel to perform discovery, there is likely to be conflicting testimony, and there will be "complex legal issues of determining which Defendants were sufficiently personally involved in constitutional violations."[5] Doc. 41, at 4. None of these arguments, however, demonstrates the merits of his claims. Rather, Plaintiff urges the Court to facially accept that "if proved clearly," these claims "would establish a constitutional violation, and that Plaintiff's constitutional rights were violated." *Id.*

Additionally, Plaintiff attaches certain disciplinary reports from the Connecticut DOC, which describe infractions Plaintiff allegedly committed. Plaintiff states that "Defendants claim Plaintiff was the approximate [sic] cause of the incident" of excessive force, but that he believes that the incident was an act of "retaliation" for "a verbal complaint [he made] to a Supervisor that he was being targeted . . . and harassed" by a correction officer "long before this incident ever took place." Doc. 41, at 2. Plaintiff offers no proof or details regarding that alleged verbal complaint. He also asserts that Defendants have engaged in spoliation of video and audio evidence, which he believes will necessitate expert testimony in the case. *Id.* However, Plaintiff presents no proof of spoliation

---

[5] Plaintiff's arguments relating to his need for assistance with discovery remain unproven at this time. For example, he asserts that he needs counsel because he has "moved the Court to take depositions of some of the inmates at MacDougall that will be critical to the claims outlined in [his] suit." Doc. 41, at 3. The docket, however, reflects that Plaintiff has filed no motions in which he has sought leave to conduct depositions.

of evidence.

As described *supra*, civil litigants do not have a constitutional right to the appointment of counsel. *See, e.g., Leftridge*, 640 F.3d at 68-69. The decision to appoint *pro bono* counsel in a civil case is discretionary. *Hodge*, 802 F.2d at 60; 28 U.S.C. § 1915(e)(1). In considering whether to appoint *pro bono* counsel for an indigent litigant, a district court must "first determine whether the indigent's position seems likely to be of substance." 802 F.2d at 61. "[E]ven where the indigent [litigant's] claim is not frivolous, counsel is often unwarranted where the [litigant's] chances of success are extremely slim." *Cooper*, 877 F.2d at 171; *see also Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

Although the Court determined in its Initial Review Order [Doc. 9] that Plaintiff's procedural due process and Eighth Amendment cruel and unusual punishment claims against particular defendants are facially plausible, the Court cannot conclude at this time that Plaintiff is likely to succeed on the merits of those claims. Additionally, as previously discussed, Plaintiff has not demonstrated that he was unable to secure the assistance of counsel prior to filing this motion.

The request for appointment of counsel [Doc. 41] will be denied without prejudice. Plaintiff may renew his motion at a later stage of the litigation, if necessary, upon a showing that he has made sufficient attempts to secure legal assistance and that his claims have merit.

**D. Motions for Order [Docs. 42, 52]**

Plaintiff has filed two motions for an order. In the first motion [Doc. 42], Plaintiff requests the Court to reset case deadlines due to the stay imposed by the Court from April 22, 2020 to July 10, 2020. The motion for order is denied at this time because the Court will enter a new scheduling

order, as necessary, after ruling on the pending motion to dismiss filed by Defendants Quiros, Mulligan, Roach, Burgos, Valentin and Maiga [Doc. 27].

In the second motion for order [Doc. 52], Plaintiff asks the Court to rule on Defendants' motion to dismiss and his request for appointment of counsel. The motion will be denied. The Court has ruled on Plaintiff's request for counsel [Doc. 41] herein, and the Defendants' motion to dismiss [Doc. 27] is *sub judice*. Plaintiff will receive notice and a copy of the ruling once the Court has resolved Defendants' motion to dismiss.

## II. CONCLUSION

Plaintiff's "Motion to Compel" Defendants to respond to the January 17, 2020, request for production of documents [Doc. 43] is DENIED WITHOUT PREJUDICE. When filed, the motion was premature. However, Plaintiff may renew his motion on a showing that he has conferred with opposing counsel in good faith, but Defendants have not responded to his production request. Plaintiff's "Motion to Compel" [Doc. 45], docketed as a "Motion for a Hearing," is DENIED because it fails to comply with Rule 11(a), Fed. R. Civ. P., and requests argument on Plaintiff's "Motion to Compel" [Doc. 43], which the Court denies. Plaintiff's request for "Appointment of Counsel" [Doc. 41], is DENIED WITHOUT PREJUDICE. The memorandum and declaration filed in support of the request are unsigned; and Plaintiff has failed to establish that: (1) he has made sufficient attempts to secure legal assistance and (2) he is likely to succeed on the merits of his claims. Plaintiff may renew his request for *pro bono* counsel at a later time, in the event he is able to prove sufficient attempts to secure legal assistance, including the ILAP, and demonstrate the merits of his claims. Plaintiff's "Motion for Order" [Doc. 42], requesting the Court to reset case deadlines, is DENIED at this time. The Court will enter a new scheduling order after ruling on the pending

motion to dismiss filed by Defendants Quiros, Mulligan, Roach, Burgos, Valentin and Maigo [Doc. 27]. Finally, Plaintiff's "Motion for Order" [Doc. 52], seeking rulings on his motion for appointment of counsel and Defendants' motion to dismiss, is DENIED. The Court has denied his request for appointment of counsel and the motion to dismiss is *sub judice*.

It is SO ORDERED.

Dated: New Haven, Connecticut
December 28, 2020

*/s/Charles S. Haight, Jr.*
CHARLES S. HAIGHT, JR.
Senior United States District Judge