UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SAMUEL A. DAVIS,<br><br>    Plaintiff,<br><br>v.<br><br>ANGEL QUIROS, *et al.*,<br><br>    Defendants. | Civil Action No. 3:19-cv-504 (CSH)<br><br><br>NOVEMBER 1, 2021 |

**MEMORANDUM AND ORDER ON PLAINTIFF'S**
**MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

**HAIGHT, Senior District Judge:**

Plaintiff Samuel A. Davis ("Plaintiff"), a convicted state prisoner currently incarcerated at Cheshire Correctional Institution,[1] has brought this action against multiple employees (collectively, "Defendants") of the Connecticut Department of Correction ("DOC").[2] The Court assumes the parties' familiarity with the underlying allegations in this matter, which arises out of an alleged assault on Plaintiff by DOC staff at MacDougall Walker Correctional Institution ("MWCI") and subsequent alleged denial of Plaintiff's procedural due process rights in connection

---

[1] Following a jury trial, Plaintiff was found guilty on charges of felony murder, attempted robbery in the first degree, conspiracy to commit robbery in the first degree, and carrying a firearm without a permit, and he subsequently was sentenced to a total effective term of 100 years in prison. *See State v. Davis*, 796 A.2d 596, 600–02 (Conn. App. Ct. 2002), *aff'd*, 818 A.2d 777 (Conn. 2003). Plaintiff's current place of incarceration is available through a directory maintained by DOC. See Connecticut Department of Correction, Offender Information Search, http://www.ctinmateinfo.state.ct.us/ (last visited November 1, 2021).

[2] The Amended Complaint named the following individuals as Defendants: then-Deputy Commissioner Monica Rinaldi; then-District Administrator Angel Quiros; Director of Population Management Maiga (identified by Plaintiff as "Maigo"); Administrative Segregation Hearing Officer Karen Martucci; then-Warden William Mulligan; Deputy Warden Joseph Roach; Captains Burgos and Johnson; Lieutenants Roy, Valentin, McCreary, and Acus; and Correctional Officers Douglas LaMountain, Koza, and Peterson. Am. Compl. at 1–5 ¶¶ 4–19.

with his placement on administrative segregation status at Northern Correctional Institution ("Northern"), a level 5 maximum security prison. *See generally* Doc. 8 ("Am. Compl.").

Following the Court's initial review of Plaintiff's Amended Complaint, reported as *Davis v. Rinaldi*, 2019 WL 7879729 (D. Conn. Oct. 31, 2019), certain Defendants (the "Moving Defendants") moved to dismiss the Amended Complaint in part, which motion Plaintiff opposed. *See generally* Docs. 27, 35. While the Moving Defendants' motion was pending, Plaintiff sought the Court's leave to file a Second Amended Complaint, adding additional Fourteenth Amendment procedural due process and/or Fifth Amendment double jeopardy claims against Defendants Lieutenant McCreary, Lieutenant Valentin, Lieutenant Acus, and Correctional Officer Douglas LaMountain ("C/O LaMountain," and collectively with Lieutenant McCreary, Lieutenant Valentin, and Lieutenant Acus, the "SAC Defendants"). *See generally* Docs. 53 ("Pl.'s Mot."), 53-1 ("PSAC").

In a memorandum and order filed concurrently with the present one, the Court has granted in part the Moving Defendants' motion to dismiss. *See* Doc. 77. The Court now turns to consider Plaintiff's motion seeking the Court's leave to amend his complaint for the second time.

## I. LEGAL STANDARD

Federal Rule 15 provides that, once the period for amendment as of right has passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The standard to be applied is a liberal one, with the Supreme Court having instructed that:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'

*Foman v. Davis*, 371 U.S. 178, 182 (1962).  Although the Rule 15(a)(2) standard is generous, the Court is not required to permit every proposed amendment.  For example, "[w]hen the plaintiff has submitted a proposed amended complaint, the district judge may review that pleading for adequacy and need not allow its filing if it does not state a claim upon which relief can be granted."  *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991); *see also Shallow v. Scofield*, No. 11 CIV. 6028 JMF, 2012 WL 4327388, at *6 (S.D.N.Y. Sept. 21, 2012) ("An amendment is 'futile' when it could not withstand a motion to dismiss under Rule 12(b)(6)." (citing *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012))).  Ultimately, "it is within the sound discretion of the district court to grant or deny leave to amend."  *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (quotation marks and citations omitted).

## II.  DISCUSSION

As an initial matter, the Court notes that the proposed Second Amended Complaint appended to Plaintiff's motion (the "Proposed SAC") is in substantial part a copy of Plaintiff's prior Amended Complaint and includes claims that this Court previously has dismissed.  *Compare generally* Am. Compl., *with* PSAC; *see Davis*, 2019 WL 7879729, at *4–*5, *7–*10, *12–*13.  Where they differ, it is in Plaintiff's inclusion of two new, handwritten pages setting forth the Fourteenth Amendment and/or Fifth Amendment claims, and two handwritten prayers for damages.  *See* PSAC at 26–27, 29.  To the extent that Plaintiff has sought in the Proposed SAC to revive the dismissed claims, he has articulated no basis for doing so.  *See* Pl.'s Mot. at 1.  Accordingly, Plaintiff's motion to amend his pleading, to the extent that it seeks reinstatement of the previously dismissed claims, is DENIED.

Turning, then, to the new claims included in the Proposed SAC, the Court relates the following allegations made by Plaintiff, which the Court accepts as true for the purposes of this motion only.

Plaintiff asserts that, on April 19, 2018, Lieutenant Valentin issued a disciplinary report (the "First DR") charging Plaintiff with an assault on a DOC staff member, which Plaintiff received the same evening. PSAC at 26 ¶ 2. The First DR stated that Plaintiff struck C/O LaMountain on the right side of C/O LaMountain's face, around his right eye. *Id.* ¶ 3. Following Plaintiff's transfer to Northern, Plaintiff became aware of a second disciplinary report (the "Second DR"), dated April 20, 2018, which was issued by C/O LaMountain. *Id.* ¶ 4. In the Second DR, which also charged Plaintiff with assault, Plaintiff was said to have attempted to punch C/O LaMountain with his left fist. *Id.*

Plaintiff alleges that the administrative segregation hearing that occurred on May 17, 2018, and which forms the basis for his original Fourteenth Amendment procedural due process claim, concerned the First DR. *Id.* ¶ 5. Plaintiff further alleges that the May 17, 2018 hearing took place "even though [Plaintiff] had not been found guilty of the offense at a DR hearing." *Id.* Following Plaintiff's placement in administrative segregation, the Second DR was modified, with the assault charge substituted by a charge of attempted assault. *Id.* ¶ 6. Plaintiff then was brought to a hearing on the modified Second DR on May 31, 2018, a hearing over which Lieutenant Acus presided. *Id.* at 27 ¶ 7. Plaintiff was found guilty of the violation described in the Second DR and received sanctions that were in addition to the administrative segregation imposed as a result of the May 17, 2018 hearing. *Id.* ¶ 8.

Plaintiff alleges that he should not have received two disciplinary reports for a single incident, and that he also should not have received sanctions on both reports. *Id.* ¶ 9. Plaintiff

4

appears to argue that the May 31, 2018 hearing should (at most) have concerned the First DR. *See id.* ¶¶ 7, 9. Plaintiff contends that his receiving two disciplinary reports, and his receiving two sets of sanctions, violates his Fourteenth Amendment procedural due process rights and the Double Jeopardy Clause of the Fifth Amendment. *Id.* ¶¶ 9, 10.

The Court first considers Plaintiff's putative Fifth Amendment double jeopardy claim against the SAC Defendants. The Double Jeopardy Clause of the Fifth Amendment "protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." *United States v. Lopez*, 356 F.3d 463, 467 (2d Cir. 2004). Not all proceedings fall within the Double Jeopardy Clause's scope: "[t]he Clause protects only against the imposition of multiple *criminal* punishments for the same offense, and then only when such occurs in successive proceedings." *Hudson v. United States*, 522 U.S. 93, 99 (1997) (citations omitted). Prison disciplinary hearings or decisions, however, are *civil* in nature. *See Wolff v. McDonnell*, 418 U.S 539, 556 (1974) ("Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply."); *Porter v. Coughlin*, 421 F.3d 141, 144, 148–49 (2d Cir. 2005) (finding no violation of the Double Jeopardy Clause because disciplinary sanction of placement in a restrictive housing unit was "clearly related to a nonpunitive interest," and thus that the disciplinary proceeding "was civil in nature"). The Double Jeopardy Clause thus is entirely inapplicable to the situation described by Plaintiff. *See, e.g.*, *Baker v. Finn*, No. 00 CIV. 3886 (DC), 2001 WL 1338919, at *3 (S.D.N.Y. Oct. 31, 2001) (holding plaintiff's claim that he was subjected to double jeopardy because he was issued duplicative misbehavior reports to be without merit because the Double Jeopardy Clause is limited to criminal proceedings and does not pertain to prison disciplinary hearings). The addition of any

5

Fifth Amendment double jeopardy claim to this case therefore would be futile, and accordingly the Court DENIES leave to amend with respect to such a claim against any and all of the SAC Defendants.

The Court next considers Plaintiff's Fourteenth Amendment procedural due process claim against Lieutenant McCreary in connection with the Second DR.  Plaintiff alleges that Lieutenant McCreary is "liable for signing as the supervisor authorizing the [S]econd DR by [C/O] LaMountain."  PSAC at 27 ¶ 11.  Plaintiff makes no other allegations regarding Lieutenant McCreary's involvement in the purported violation of Plaintiff's due process rights, and the Court cannot draw any relevant inferences from the remainder of the Proposed SAC regarding Lieutenant McCreary's actions.

In *Tangreti v. Bachmann*, the Second Circuit clarified the pleading standard applicable to supervisory defendants in cases concerning alleged violations of constitutional rights.  Joining other Courts of Appeals that have addressed the issue, the Second Circuit now holds that "after *Iqbal*, there is no special rule for supervisory liability. Instead, a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.' . . . The violation must be established against the supervisory official *directly*." *Tangreti*, 983 F.3d 609, 618 (2d Cir. 2020) (emphasis added) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)).  Plaintiff's allegations regarding Lieutenant McCreary are wholly insufficient to meet this standard.  Even before *Tangreti* was decided, a prison supervisor's mere signing of a form was not sufficient personal involvement by that supervisor for a plaintiff to state a cause of action against him or her.  *See, e.g.*, *Green v. Maldonado*, No. 3:17-cv-00957 (CSH), 2018 WL 2725445, at *6 (D. Conn. June 6, 2018) (holding bare allegation that prison warden's signature appeared on form denying plaintiff's ADA appeal not sufficient to establish that warden

6

violated plaintiff's Eighth Amendment rights).  Accordingly, leave to amend to add a Fourteenth Amendment procedural due process claim against Lieutenant McCreary related to the Second DR is DENIED, since such claim would be legally futile.

Plaintiff further argues that C/O LaMountain and Lieutenant Acus are liable for violating his Fourteenth Amendment procedural due process rights in connection with the Second DR and hearing thereon.  Plaintiff claims that C/O LaMountain is liable because he wrote the Second DR, contrary to DOC administrative directives that Plaintiff alleges prohibit writing two disciplinary reports for a single incident; and he claims that Lieutenant Acus is liable for not dismissing the charges against Plaintiff brought by way of the Second DR, again contrary to DOC's stated procedures.  PSAC at 27 ¶¶ 9, 11.

"'[T]o present a due process claim, a plaintiff must establish (1) that he possessed a liberty interest and (2) that the defendant(s) deprived him of that interest as a result of insufficient process.' Prison discipline implicates a liberty interest when it 'imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Ortiz v. McBride*, 380 F.3d 649, 654 (2d Cir. 2004) (quoting *Giano v. Selsky*, 238 F.3d 223, 225 (2d Cir. 2001) and *Sandin v. Conner,* 515 U.S. 472, 484 (1995)).  Plaintiff's allegations in the Proposed SAC do not meet this standard.  In the Proposed SAC, Plaintiff does not describe the sanctions to which he was subjected following the conclusion of the hearing on the Second DR, nor does he allege (or give reason for the Court to infer) that the sanctions were significantly restrictive or atypical as compared to the conditions under which he already was confined.  What Plaintiff *does* offer in the Proposed SAC are threadbare allegations that he should not have been issued the Second DR, and the conclusory assertion that the hearing on the Second DR was "illegal."  These are not sufficient to show a protected liberty interest, to which due process protections attach: "[t]he failure to

comply with state-created procedures does not in and of itself create a protected liberty interest that would implicate due process rights." *Green v. Martin*, 224 F. Supp. 3d 154, 170 (D. Conn. 2016). *See also Holcomb v. Lykens*, 337 F.3d 217, 224 ("Process is not an end in itself. Its constitutional purpose is to protect a substantive interest to which the individual has a legitimate claim of entitlement. Although state laws may in certain circumstances create a constitutionally protected entitlement to substantive liberty interests, state statutes do not create federally protected due process entitlements to specific state-mandated procedures." (quotation marks and citations omitted)).

Put simply, Plaintiff's Proposed SAC offers no basis for the Court to infer that he was subject to an "atypical and significant hardship" arising out of the Second DR, which he had a liberty interest in avoiding. Plaintiff thus would fail to state a claim against C/O LaMountain and Lieutenant Acus were leave to amend granted. Accordingly, leave to amend to add a Fourteenth Amendment procedural due process claim against C/O LaMountain and Lieutenant Acus related to the Second DR is DENIED, since such claim would be legally futile.

The Court observes that, even if it were to assume that Plaintiff *did* have a cognizable liberty interest in these circumstances, Plaintiff's Proposed SAC still would fail to state a claim against C/O LaMountain and Lieutenant Acus. When faced with a potential loss of liberty, "an inmate is entitled to advance written notice of the charges against him; a hearing affording him a reasonable opportunity to call witnesses and present documentary evidence; a fair and impartial hearing officer; and a written statement of the disposition, including the evidence relied upon and the reasons for the disciplinary actions taken." *Sira v. Morton*, 380 F.3d 57, 69 (2d Cir. 2004) (citing *Wolff*, 418 U.S. at 563–67, *Luna v. Pico*, 356 F.3d 481, 487 (2d Cir. 2004), and *Kalwasinski*

*v. Morse*, 201 F.3d 103, 108 (2d Cir. 1999)).³  The Proposed SAC contains no allegations to support an inference that Plaintiff did not receive this minimum of process he was due, with respect to the Second DR: Plaintiff fails to identify—at all—any procedural omissions from the hearing on the Second DR.  Accordingly, on this additional basis, the Court finds that leave to amend should not be granted to add to add a Fourteenth Amendment procedural due process claim against C/O LaMountain and Lieutenant Acus related to the Second DR.

Finally, the Court considers the Fourteenth Amendment procedural due process claim against Lieutenant Valentin.  Plaintiff alleges that Lieutenant Valentin "is liable because he wrote a false report that C/O LaMountain was struck [on] the right side of his face."  PSAC at 27 ¶ 11.  A "prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest."  *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986).  For a false misconduct report to be actionable, the prisoner must show either "(1) that he was disciplined without adequate due process as a result of the report; or (2) that the report was issued in retaliation for exercising a constitutionally protected right."  *Willey v. Kirkpatrick*, 801 F.3d 51, 63 (2d Cir. 2015) (quotation marks and citations omitted); *see also Velez v. Burge*, 483 F. App'x 626, 628 (2d Cir. 2012) ("The inmate must show something more, such as that he was deprived of due process during the resulting disciplinary hearing, or that the misbehavior report was filed in retaliation for the inmate's exercise of his constitutional rights.").  Here, assuming it to be true that the First DR was false, Plaintiff makes no allegations from which the Court can infer a retaliatory purpose by Lieutenant Valentin, and "[t]hus, as long as the prison officials provided the inmate with procedural due process requirements[,] the filing of unfounded charges does not give rise to a per se constitutional

---

³ The Second Circuit furthermore has interpreted the Supreme Court's decision in *Wolff* as recognizing a prisoner's right to appear at his or her hearing.  *See Smith v. Fischer*, 803 F.3d 124, 127 (2d Cir. 2015).

violation actionable under [S]ection 1983." *Best v. Smith*, No. 311-CV-1656 RNC, 2014 WL 4782707, at *3 (D. Conn. Sept. 24, 2014) (quotation marks and citation omitted).

Reading the Proposed SAC with the liberality it is due in view of Plaintiff's *pro se* status, it appears that Plaintiff is attempting to add Lieutenant Valentin as a defendant to the due process claim that the Court *already* has permitted to proceed in the Initial Review Order. With respect to that claim, Plaintiff *has* alleged that the process he received before being placed in administrative segregation was insufficient. *See Davis*, 2019 WL 7879729, at *6–*7. Since the First DR written by Lieutenant Valentin purportedly was the basis for that proceeding, Lieutenant Valentin's writing the (allegedly) false report facially falls within the first exception to the *Freeman* rule— *i.e.*, discipline due to the report without adequate due process. Although the Court is concerned with Plaintiff's timeliness in bringing this claim against Lieutenant Valentin, the Court believes that any prejudice to Lieutenant Valentin in permitting it to proceed will be slight, considering Court's further order (filed concurrently with this opinion) related to scheduling in this matter. The Court accordingly will GRANT Plaintiff leave to amend his pleading with respect to Lieutenant Valentin, insofar as Plaintiff may add Lieutenant Valentin as a Defendant to the Fourteenth Amendment procedural due process claim previously permitted by the Court to proceed in the Initial Review Order.

## III.   CONCLUSION AND ORDERS

For the reasons set forth above, Plaintiff's motion for leave to amend is GRANTED IN PART and DENIED IN PART. Plaintiff is granted leave to amend his pleading with respect to Lieutenant Valentin, but *only* insofar as that amendment consists of the addition of Lieutenant Valentin, in his individual capacity, as a defendant to the Fourteenth Amendment procedural due process claim related to Plaintiff's administrative segregation hearing on May 17, 2018.

The Clerk is directed to docket the Proposed SAC, Doc. 53-1, as the operative pleading in this matter; Plaintiff need not submit a further revised pleading.

It is SO ORDERED.

Dated: New Haven, CT
November 1, 2021

*s/ Charles S. Haight, Jr.*
CHARLES S. HAIGHT, JR.
Senior United States District Judge