UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SAMUEL A. DAVIS<br>*Plaintiff,* | : CIVIL NO. 3:19CV504 (CSH)<br>:<br>: |
| V. | :<br>: |
| DIRECTOR OF POPULATION<br>MANAGEMENT MAIGA, ET AL.<br>*Defendants.* | :<br>: **FEBRUARY 15, 2022**<br>:<br>: |

**STIUPLATED PROTECTIVE ORDER**

1) The use of any DVD/video provided by defense counsel to plaintiff's counsel, including their respective staff or experts, that shows or depicts any inmate and/or any part of the inside or outside of a Connecticut Correctional Institution shall consist of and be limited to disclosure to:

    **a)**    Counsel of record for the named plaintiff and defendants;

    **b)**    Intern(s), paralegal(s), clerical and secretarial staff employed by counsel referenced in section a) above;

    **c)**    Experts, investigators, and consultants retained by counsel in connection with any litigation arising from this incident;

    **d)**    This Court;

    **e)**    Any court reporter present in his or her official capacity at any hearing, deposition or other proceeding in this action;

    **f)**    The plaintiff while he is in the presence of his counsel of record, which shall include any remote video meetings; and

    **g)**    Witnesses at deposition and trial.

2) That any person identified in Paragraphs 1(b), (c), or (g) to whom the DVD/video is to be disclosed subject to the Protective Order shall be informed of the contents of the Protective Order

prior to said disclosure and shall agree in writing, or by statement under oath and recorded in a written transcript of proceedings, to be bound by its terms.

3) The plaintiff, his attorney, agents, employees, and/or experts are expressly prohibited from copying said DVD/video without prior written consent of defendants, counsel or approval of the court, except that plaintiff's counsel may save an electronic copy of the DVD/video file on his workplace computers and may make copies for purposes of court submissions, subject to paragraph (6) below. Although the plaintiff and his counsel of record are permitted to disclose the contents of the DVD/video file to deposition and/or trial witnesses subject to the requirements set forth herein, the plaintiff and his counsel of record are prohibited from providing a physical copy or copies of the DVD/video file to any deposition and/or trial witness. Within thirty days of the conclusion of the case, including any appeals thereof, all copies of the DVD/video file shall be returned to defense counsel and/or destroyed, although one copy may be retained for defense counsel's case file. The copy retained by plaintiff's counsel will continue to be subject to the terms contained within this protective order and shall not be subject to further disclosure without written permission from defendant's counsel until it is destroyed.

4) Any party may seek a modification of the Protective Order based upon a showing of good cause that the modification is necessary to further this pending court proceeding only. In the event such a motion is made, the identity of any person to whom disclosure of information is sought shall be included within the motion, along with the reason or reasons that disclosure of protected information is necessary to advance this litigation.

5) Nothing in the order waives any party's right to object to the admissibility of any DVD/video file at trial in this or any other proceeding.

3

6) Prior to filing said DVD/video file with the court and/or moving for its introduction into evidence, both parties will jointly request that the DVD/video file be filed under seal.

7) When plaintiff's counsel is in receipt of the aforementioned disclosure and there is any disagreement whether such discovery should be subjected to this protective order, plaintiff's counsel shall raise the issue with defendants' counsel and if there is no agreement after good faith discussions then such information will remain subject to this protective order unless and until the court issues an order that such information should not be subject to a protective and/or sealing order.

IT IS SO ORDERED

Dated: February 15, 2022

/s/Charles S. Haight, Jr.
CHARLES S. HAIGHT, JR.
Senior United States District Judge